**STATE of Tennessee, Appellee,**

v.

**Roy Wayne LaRUE, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

June 26, 1985.

Permission to Appeal Denied by Supreme Court Sept. 30, 1985.

Sam Delk Kennedy, Sr., Sam Delk Kennedy, Jr., Columbia, for appellant.

W.J. Michael Cody, Atty. Gen., Robert Conley, Asst. Atty. Gen., Nashville, Mike Bottoms, Dist. Atty. Gen., Robert W. Sands, Asst. Dist. Atty. Gen., Columbia, for appellee.

OPINION

DUNCAN, Judge.

The defendant, Roy Wayne LaRue, was convicted of aggravated rape and was sentenced as a Range I standard offender to the Department of Corrections for thirty-five (35) years.

In this appeal, the defendant says that the trial court erred in allowing certain

photographs to be admitted into evidence. He also complains about his sentence.

The evidence showed that on April 19, 1984, the twenty-one (21) year old victim was at her house asleep on the couch. According to her testimony, the defendant came in, watched some television and left. He returned an hour or so later, woke the victim up, pulled her off the couch, slapped her, pinned her arms to the bed with his knees, placed a belt around her neck, attempted to gag her, and then raped her. As a result of the assault, the victim sustained bruises on her arms and legs and "pulled muscles" in her neck.

The defendant testified that he had consensual sexual intercourse with the victim, but the jury rejected his claim that the victim had consented to the act.

■ The defendant first contends that the trial court erred in allowing five (5) photographs to be admitted into evidence. These photographs showed some of the bruises on the victim's arms and legs that she received. The pictures show nothing more than that and there is nothing gruesome or inflammatory about them.

These photographs were relevant to corroborate the victim's testimony regarding the injuries she received, and were probative to show that the defendant used force in assaulting the victim, and to negate the defendant's claim of consent.

We find that the trial court did not abuse its discretion in admitting these photographs into evidence. *See State v. Banks*, 564 S.W.2d 947 (Tenn.1978).

■ The defendant's remaining issue concerns his sentence. The defendant argues that the trial judge did not make sufficient findings of fact and failed to give his reasons for the sentence set, as is required by T.C.A. § 40–35–209(c) and § 40–35–210(c) of the Sentencing Reform Act. The defendant also argues that his sentence of thirty-five (35) years was excessive.

The record of the sentencing hearing shows that the trial judge found that the defendant had committed a "violent act"

and that he had "injured the victim." At one point in his ruling, the trial judge stated:

The Court finds this to be a very violent act. The activities of the defendant throughout the time he was in this apartment with this woman during the course of this act was very violent. I think that she was in danger of great bodily harm or loss of life for the whole time she was in that bedroom. I think your actions there were inexcusable. There is no justification for it.

I find no enhancement factors to make you an aggravated offender. I find no extreme mitigating factors in the commission of this offense. All I find, from the evidence I heard, in the commission of this offense was a very violent and senseless and brutal act, that it was just senseless. It had no rhyme or reason about it, and I shudder to think what you might have done had she been able to seriously resist your advances that day in that apartment, but that is beside the point.

The trial judge then specifically found that the defendant was not a "mitigated offender," and stated that he had "considered the evidence, the entire record, and all of the factors" in the Sentencing Reform Act. Thereafter, he imposed a sentence of thirty-five (35) years upon the defendant as a Range I standard offender.

Subsequently, the trial judge, at the motion for new trial hearing, took up the defendant's motion to reconsider the sentence. In this motion, the defendant claimed that his sentence was excessive and that he should have been classified as an "especially mitigated offender."

In overruling the motion to reconsider, the trial judge stated that the defendant's "prior record prohibited the Court from classifying him" as an especially mitigated offender.

Further, regarding the defendant's sentence of thirty-five (35) years, the trial judge reiterated some of the things he had said at the sentencing hearing, and he again pointed out that "this was a violent

rape." Additionally, the trial judge, after reviewing some of the pertinent evidence that was adduced at trial, overruled the defendant's complaint that the sentence was excessive, particularly noting that the victim

> was asleep on the couch and this man came in through the back door, covered her head with a blanket and carried her into the bedroom; that he choked her with a red belt, threatened her life, muzzled her mouth with a sock; that she finally, because of fear of him, gave in and engaged in sexual relation, against her will.

The trial judge correctly found that the defendant was not an "especially mitigated offender." The defendant had a prior assault and battery conviction and had received a six (6) month sentence for that offense. Thus, this prior conviction would make the defendant ineligible to be classified as an especially mitigated offender. T.C.A. § 40–35–108(b)(2). Also, aside from this prior conviction, the other matters shown in this record would not justify that status for the defendant.

The record shows that the trial judge, in substance, gave due consideration to the sentencing principles of the Reform Act. He made reference to the presentence report, and in addition to his remarks quoted above, he made numerous other comments regarding his findings concerning the nature and circumstances of the offense.

We are satisfied that the record sufficiently shows the trial judge's findings of fact and his reasons for the sentence imposed. The record demonstrates that the trial judge substantially complied with the requirements of the Sentencing Reform Act. T.C.A. § 40–35–101, et seq.

Further, we agree with the trial judge that the defendant's sentence of thirty-five (35) years was not excessive. In view of the facts and circumstances of the case, this was an appropriate sentence for the defendant.

The judgment is affirmed.

O'BRIEN, J., and JOHN D. TEMPLE-TON, Special Judge, concur.